# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) A-P-T RESEARCH, INC., ) DONALD RAY SANDERSON as the ) Administrator for the Estate of Virginia ) Marie Sanderson and in his individual ) capacity, ) COLLEEN MCKENNA WHORTON, ) and DAVID J. COTHRAN as the ) Administrator for the Estate of Aimee ) Cothran, ) ) Defendants. ) | Civil Action No.: _____ |

## HARTFORD CASUALTY INSURANCE COMPANY'S COMPLAINT

Hartford Casualty Insurance Company ("Hartford") sues A-P-T Research, Inc. ("APT"), Donald Ray Sanderson as the Administrator for the Estate of Virginia Marie Sanderson and in his individual capacity ("Mr. Sanderson"), Colleen McKenna Whorton ("Ms. Whorton"), and David J. Cothran as the Administrator for the Estate of Aimee Cothran ("Mr. Cothran"), and alleges as follows:

## NATURE OF ACTION

1. This action concerns Hartford's obligations under liability insurance policy no. 21 SBA BW9444 for the period of December 2, 2014 to December 2, 2015 that Hartford issued to APT (the "Hartford Policy"). The Hartford Policy is attached as **Exhibit A**.

2. Specifically, Hartford seeks a declaration that it is not obliged under the Hartford Policy to defend or indemnify APT in connection with the following proceedings:

    a. *Donald Ray Sanderson, Administrator, and Donald Ray Sanderson, Individually v. Luna Tech, Inc., et al.,* Case No. CV 15-902098, Circuit Court in Madison County, Alabama (the "Sanderson Action"). The Sanderson Action is attached as **Exhibit B**.

    b. *Coleen McKenna Whorton v. Ultratec Special Effects (HSV) Inc., et al.,* Case No. 47-CV-2016-900398.00, Circuit Court in Madison County, Alabama (the "Whorton Action"). The Whorton Action is attached as **Exhibit C**.

    c. *David J. Cothran, Administrator v. Luna Tech, Inc., et al.*, Case No. 47-CV-2015-902114.00, Circuit Court in Madison County, Alabama (the "Cothran Action"). The Cothran Action is

attached as **Exhibit D**. The Sanderson, Whorton, and Cothran Actions are collectively referred to as the "Underlying Actions."

3. The Underlying Actions all seek damages because of bodily injury caused by an explosion that took place on February 6, 2015 at a fireworks plant owned by Ultratec Special Effects (HSV) Inc. ("Ultratec") in Madison County, Alabama. The Underlying Actions allege that APT is legally responsible for the explosion because APT negligently performed safety inspections and evaluations of Ultratec's facility that contributed to the unsafe conditions at the facility.

4. Hartford is currently defending APT against the Underlying Actions subject to a full reservation of Hartford's rights, including the right to seek reimbursement of the defense costs it has paid. The basis for Hartford's reservation is that the Hartford Policy contains a professional services exclusion and the claims against APT in the Underlying Actions are premised on its allegedly negligent provision of professional services—the safety inspections and evaluations of the Ultratec facility. Because of the professional services exclusions in the Hartford Policy, Hartford has no obligation to defend or indemnify APT in connection with the Underlying Actions.

5. There is a justiciable controversy concerning Hartford's obligations under the Hartford Policy because Hartford believes that it has no obligation to

defend or indemnify APT in connection with the Underlying Actions while APT contends that it does. The purpose of this case is to resolve that dispute.

6. Messrs. Sanderson and Cothran and Ms. Whorton have asserted claims against APT in the Underlying Actions. Consequently, Messrs. Sanderson and Cothran and Ms. Whorton each possess an interest relating to the subject matter of this action and are so situated that resolution of this action in their absence may impair those interests.

## THE PARTIES

7. Hartford is an Indiana corporation with its principal place of business in Hartford, Connecticut.

8. APT is an Alabama corporation with its principal place of business in Madison County, Alabama.

9. Mr. Sanderson is an individual residing in Madison County, Alabama. Mr. Sanderson is the court-appointed Personal Representative of the Estate of Virginia Marie Sanderson and the surviving spouse and dependent of Ms. Sanderson. Upon information and belief, Ms. Sanderson resided in Madison County, Alabama.

10. Ms. Whorton is an individual residing in Madison County, Alabama.

11. Mr. Cothran is an individual residing in DeKalb County, Alabama. Mr. Cothran is the court-appointed Personal Representative of the estate of Aimee

Cothran.  Upon information and belief, Ms. Cothran resided in Madison County, Alabama.

## JURISDICTION AND VENUE

12. This Court has jurisdiction under 28 U.S.C. § 1332 because no plaintiff is a citizen of the same state as any defendant and the amount in controversy exceeds $75,000.

13. This Court has jurisdiction over this declaratory judgment action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq*.

14. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## THE HARTFORD POLICY

15. The Hartford Policy includes a Business Liability coverage part and an Umbrella Liability coverage part.

16. The insuring agreement in the Business Liability coverage part includes the following language:

> **A.   COVERAGES**
>
> **1.   BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)**
>
> **Insuring Agreement**

      **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.

* * *

17.    The Business Liability coverage part contains the following exclusionary provisions:

    **B.**    **EXCLUSIONS**

        **1.**    **APPLICABLE TO BUSINESS LIABILITY COVERAGE**

        This insurance does not apply to:

* * *

        **j.**    **Professional Services**

        "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering or failure to render any professional service. This includes but is not limited to:

* * *

>   **(2)** Preparing, approving, or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders, designs or drawings and specifications;
>
>   **(3)** Supervisory, inspection, architectural or engineering activities;
>
>   * * *

18. The Hartford Policy includes an endorsement titled "Exclusion - Engineers, Architects or Surveyors Professional Liability" that modifies the insurance provided under the Business Liability coverage part as follows:

> This endorsement modifies insurance provided under the following:
>
> **BUSINESS LIABILITY COVERAGE FORM**
>
> The following is added to Paragraph **1.**, **Applicable to Business Liability Coverage** (Section **B.** – EXCLUSIONS):
>
>   **1.** This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or the failure to render any professional services by:
>
>   **a.** Any insured; or
>
>   **b.** Any engineering, architectural or surveying firm that is performing work on your behalf in such capacity.
>
>   **2.** Professional services includes but is not limited to:
>
>   **a.** The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions,

7

        recommendations, reports, surveys, field orders, change orders, designs or drawings and specifications; and

    **b.**    Supervisory, inspection, quality control, architectural or engineering activities.

    **3.**    This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury", "property damage" or "personal and advertising injury", involved the rendering of or failure to render any professional services by that insured.

19. The insuring agreement of the Umbrella Liability coverage part includes the following language:

**SECTION I - COVERAGES**

**INSURING AGREEMENTS**

    **A.**    **Umbrella Liability Insurance**

        **1.**    We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies caused by an "occurrence".

                              \* \* \*

20. The Hartford Policy includes an endorsement titled "Exclusion—Engineers, Architects or Surveyors Professional Liability" that modifies the insurance provided under the Umbrella Liability coverage part as follows:

> This endorsement modifies insurance provided under the following:
>
> **UMBRELLA LIABILITY PROVISIONS**
>
> 1. The following exclusion is added to **B., Exclusions** (SECTION **I.** – COVERAGES):
>
>    This policy does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or the failure to render any professional services by:
>
>    a. Any "insured"; or
>
>    b. Any engineering, architectural or surveying firm that is performing work on your behalf in such capacity.
>
> 2. Professional services includes but is not limited to:
>
>    a. The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, recommendations, reports, surveys, field orders, change orders, designs or drawings and specifications; and
>
>    b. Supervisory, inspection, quality control, architectural or engineering activities.
>
> 3. This exclusion applies even if the claims against any "insured" allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that "insured", if the "occurrence" which

9

caused the "bodily injury", "property damage" or "personal and advertising injury", involved the rendering of or failure to render any professional services by that insured.

21. The Hartford Policy includes an endorsement titled "Exclusion—Testing or Consulting Errors and Omissions" that modifies the insurance provided under the Umbrella Liability coverage part as follows:

> This endorsement modifies insurance provided under the following:
>
> **UMBRELLA LIABILITY PROVISIONS**
>
> **A.** This policy does not apply to any liability for "bodily injury," "property damage" or "personal and advertising injury", or arising out of:
>
> **1.** An error, omission, defect or deficiency in any test performed, or an evaluation, a consultation or advice given by or on behalf of any insured; or
>
> **2.** The reporting of or reliance upon any such test, evaluation, consultation or advice.
>
> **3.** The rendering of or failure to render any service by you or on your behalf in connection with the selling, licensing, franchising or furnishing of your computer software to others including, but not limited to, electronic data processing programs, designs, specifications, manuals and instructions.
>
> **4.** An error, omission, defect or deficiency in experimental data or the insured's interpretation of that data.

10

22. The Underlying Actions seek damages because of bodily injury that occurred during the period of the Hartford Policy.

## THE SANDERSON ACTION

23. According to the complaint in the Sanderson Action, APT and others "undertook to evaluate and make recommendations regarding the safety of the manufacturing facilities and of the manufacturing processes being used by [Ultratec]. . . ."  Ex. B at ¶ 40.

24. The Sanderson complaint alleges that APT and others "undertook to provide safety consulting services to [Ultratec] and/or [Ultratec Special Effects, Inc.] with regarding [sic] to the facilities used by [Ultratec] to manufacture pyrotechnic products and with regard to the processes and work practices of [Ultratec] with regard to the manufacture of pyrotechnics products."  *Id*. at ¶ 55.

25. The complaint alleges that APT "undertook to perform safety inspections and evaluations of [Ultratec's] facilities and operations."  *Id*.

26. The complaint alleges that APT performed its work negligently.  *Id*. at ¶¶ 41 & 56.

27. The plaintiff in the Sanderson Action alleges that as a "proximate result" of APT's negligence, Ms. Sanderson "was caused to die."  *Id*. at ¶¶ 42 & 57.

## THE WHORTON ACTION

28. According to the complaint in the Whorton Action, APT and others "undertook to evaluate and make recommendations regarding the safety of the manufacturing facilities and of the manufacturing processes being used by [Ultratec]. . . ." Ex. C at ¶ 45.

29. Ms. Whorton alleges that APT and others "undertook to provide safety consulting services to [Ultratec] and/or [Ultratec Special Effects, Inc.] regarding the facilities used by [Ultratec] to manufacture pyrotechnic products and with regard to the processes and work practices of [Ultratec] with regard to the manufacture of pyrotechnics products." *Id*. at ¶ 72.

30. Ms. Whorton alleges that APT "undertook to perform safety assessments, inspections and evaluations of [Ultratec's] facilities, buildings and operations." *Id*.

31. Ms. Whorton alleges that APT performed its work negligently. *Id*. at ¶¶ 46 & 73.

32. Finally, Ms. Whorton alleges that as a "proximate result" of APT's negligence, Ms. Whorton "was caused to suffer severe injuries and disfigurement." *Id*. at ¶ 47; *see also id.* at ¶ 74.

## THE COTHRAN ACTION

33. According to the complaint in the Cothran Action, APT and others "undertook to evaluate and make recommendations regarding the safety of the manufacturing facilities and of the manufacturing processes being used by [Ultratec]. . . ." Ex. D at ¶ 33.

34. The Cothran complaint alleges that APT and others "undertook to provide safety consulting services to [Ultratec] and/or [Ultratec Special Effects, Inc.] with regarding [sic] the facilities used by [Ultratec] to manufacture pyrotechnic products and with regard to the processes and work practices of [Ultratec] with regard to the manufacture of pyrotechnics products." *Id*. at ¶ 48.

35. The complaint alleges that APT "undertook to perform safety inspections and evaluations of [Ultratec's] facilities and operations." *Id*.

36. The complaint alleges that APT performed its work negligently. *Id*. at ¶¶ 34 & 49.

37. Finally, the plaintiff in the Cothran Action alleges that as a "proximate result" of APT's negligence, Ms. Cothran "was caused to die." *Id*. at ¶¶ 35 & 50.

## COUNT I
(Declaratory Judgment—No Duty to Defend and Indemnify)

38. Hartford repeats and incorporates by reference the foregoing allegations as if fully set forth herein.

39. The professional liability exclusions on the Business Liability coverage part and the Umbrella Liability coverage part bar any potential for coverage for the Underlying Actions under the Hartford Policy.

40. Hartford has no obligation to defend or indemnify APT in connection with the Underlying Actions.

41. Whether Hartford is obligated to defend or indemnify APT in connection with the Underlying Actions is the subject of dispute between Hartford and APT.

WHEREFORE, Hartford requests that this Court enter judgment declaring:

A. That Hartford is not obligated under the Hartford Policy to defend or indemnify APT in connection with the Underlying Actions because the professional liability exclusions on the Hartford Policy bar coverage for the claims asserted against APT in the Underlying Actions;

B. That Hartford is entitled to such other relief as this Court deems just and proper.

Dated: July 27, 2017

Respectfully submitted,

*s/ Benjamin S. Willson*
One of the Attorneys for Plaintiff
Hartford Casualty Insurance Company

OF COUNSEL:
Charles T. Greene
*cgreene@lightfootlaw.com*
Benjamin S. Willson
*bwillson@lightfootlaw.com*
Lightfoot, Franklin & White, LLC
400 North 20th Street
Birmingham, AL  35203
(205) 581-0700 (t)
(205) 581-0799 (f)


Please serve defendants at

A-P-T Research, Inc.
c/o Roderick K. Nelson, Esq.
SPAIN & GILLON, L.L.C.
2117 2nd Avenue North
Birmingham, Alabama 35203

Donald Ray Sanderson
c/o William H. Atkinson, Esq.
ATKINSON, ATKINSON AND BURT, L.L.C.
734 Highway 43
Winfield, Alabama 35594

Colleen McKenna Whorton
c/o Mark A. Jackson, Esq.
525 Madison Street SE, Suite 202
Huntsville, Alabama 35801

David J. Cothran
c/o Roger L. Lucas, Esq.
MARSH, RICKARD & BRYAN, P.C.
800 Shades Creek Parkway, Suite 600-D
Birmingham, Alabama 35209